UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------x
AUGUSTO PETERSON (a/k/a AUGUSTO PETERSEN),   DKT#:13-cv-6635

                              Plaintiff,   **COMPLAINT**

       - against -   **JURY TRIAL DEMANDED**

DET. ANDREW RINDLER (Shield # 6917),   **ECF CASE**

                              Defendant.
-----------------------------------------------------------------------x

       Plaintiff, AUGUSTO PETERSON (A/K/A AUGUSTO PETERSEN), by his attorneys, TREYVUS & KONOSKI, P.C., complaining of the defendants, respectfully alleges as follows:

### PRELIMINARY STATEMENT

1.  Plaintiff brings this action for compensatory damages, punitive damages and attorney's fees pursuant to 42 U.S.C. §§ 1983 and 1988, for violations of his civil rights, as said rights are secured by said statutes and the Constitutions of the State of New York and the United States.

### JURISDICTION

2.  This action is brought pursuant to 42 U.S.C. §§ 1983 and 1988, and the First, Fourth, Fifth, Eight and Fourteenth Amendments to the United States Constitution.

3.  Jurisdiction is founded upon 28 U.S.C. §§ 1331, 1343 and 1367.

### VENUE

4.  Venue is properly laid in the Southern District of New York under 28 U.S.C. § 1391(b), in that this is the District in which the claim arose.

### JURY DEMAND

5.  Plaintiff respectfully demands a trial by jury of all issues in this matter pursuant to Fed. R. Civ. P. 38(b).

## **PARTIES**

6. Plaintiff, AUGUSTO PETERSON (A/K/A AUGUSTO PETERSEN), is a citizen of the United States and at all relevant times a resident of the City and State of New York.

7. THE CITY OF NEW YORK, was and is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York.

8. THE CITY OF NEW YORK, maintains the New York City Police Department, a duly organized public authority and/or police department, authorized to perform all functions of a police department as per the applicable sections of the New York State Criminal Procedure Law, acting under the direction and supervision of the aforementioned municipal corporation, THE CITY OF NEW YORK.

9. That at all times hereinafter mentioned, the individually named defendants, DET. ANDREW RINDLER (Shield # 6917), was a duly sworn police officer of the New York City Police Department and was acting under the supervision of said department and according to his official duties.

10. That at all times hereinafter mentioned, the defendant was acting under color of state law and/or in compliance with the official rules, regulations, laws, statutes, customs, usages and/or practices of the State of New York or THE CITY OF NEW YORK.

11. Each and all of the acts of the defendant alleged herein was done by said defendant while acting within the scope of his employment by defendant, CITY OF NEW YORK.

12. Each and all of the acts of the defendant alleged herein were done by said defendants while acting in furtherance of their employment by defendant, CITY OF NEW YORK.

## FACTS

13. On or about October 24, 2012, at least one laptop computer and other items were stolen from Blue Star Digital located at 5 West 20th Street in New York County.

14. On or about February 22, 2013 the Plaintiff was arrested for Burglary in the Third Degree (a Class D felony) and Criminal Possession of Stolen Property in the Fifth Degree (a Class A misdemeanor) related to the theft and possession of the laptop stolen from Blue Star Digital.

15. At the time of arrest, the Plaintiff told the Defendant that he bought the computer a few months earlier. The Plaintiff explained that someone came by the barbershop where he works and he bought one. The Plaintiff further explained that when he purchased the laptop it was in a box with all of the papers.

16. The Defendant did not have sufficient information, evidence, or proof to demonstrate that the Plaintiff knowingly possessed stolen property, or that the Plaintiff actually knew the laptop was stolen. Therefore, the Defendant did not have probable cause to arrest the plaintiff for the crime of Criminal Possession of Stolen Property in the Fifth Degree. Nonetheless, the Defendant arrested and criminally charged the Plaintiff with Criminal Possession of Stolen Property in the Fifth Degree.

17. A surveillance video tape was retrieved which depicted the individual who stole the property from Blue Star Digital.

18. The Defendant signed a criminal complaint which was filed in New York County criminal court under docket number 2013NY015395, and which criminally charged the Plaintiff with Burglary in the Third Degree and Criminal Possession of Stolen Property in the Fifth Degree. In that complaint, the Defendant asserted that "after reviewing the surveillance footage and a photograph of the defendant that I received as part of my investigation, I have concluded that the

two individuals are the same person, and that the person shown in the surveillance footage is Augusto Peterson."

19. The surveillance video footage was not clear and did not depict the perpetrators face, or facial features.  It was wholly and completely impossible for the Defendant to have adequately compared the video footage to a photograph and reached a conclusion that the person in the video was Augusto Peterson.  Therefore, this information, which is sworn to in the criminal complaint, is a fabrication.

20. No reasonable police officer would have concluded that the Plaintiff was the same person in the video footage.

21. No reasonable police officer would have concluded that there was probable cause to arrest and charge the Plaintiff for the crime of Burglary in the Third Degree, which is a Class D felony.

22. The Defendant did not have probable cause to arrest and charge the Plaintiff with the crime of Burglary in the Third Degree, which is a Class D felony.

23. The Plaintiff was in custody for more than 36 hours before he was released.

24. The Plaintiff was never indicted.

25. The criminal case against the Plaintiff was dismissed.

31. As a result of the foregoing, plaintiff sustained, <u>inter alia</u>, pain, suffering, physical injury, loss of enjoyment of life, loss of liberty, emotional distress, mental anguish, embarrassment and humiliation, shame, indignity, damage to reputation, economic damages, and suffered a deprivation of his constitutional rights.

**FIRST CLAIM FOR RELIEF**
**DEPRIVATION OF FEDERAL CIVIL RIGHTS UNDER 42 U.S.C. § 1983**

32. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "31" with the same force and effect as if fully set forth hisein.

33. All of the aforementioned acts of defendants, their agents, servants and employees were carried out under the color of law.

34. All of the aforementioned acts deprived plaintiff AUGUSTO PETERSON (A/K/A AUGUSTO PETERSEN) of the rights, privileges and immunities guaranteed to citizens of the United States by the First, Fourth, Fifth, Eighth and Fourteenth Amendments to the Constitution of the United States of America and in violation of 42 U.S.C. § 1983

35. The acts complained of were carried out by the aforementioned individual defendant in his capacity as a police officers, with all the actual and/or apparent authority attendant thiseto.

36. The acts complained of were carried out by the aforementioned individual defendant in his capacity as a police officer, pursuant to the customs, usages, practices, procedures and rules of THE CITY OF NEW YORK and the New York Police Department, all under the supervision of ranking officers of said department.

37. Defendant, while acting under color of state law, engaged in conduct which constituted a custom, usage, practice, procedure or rule of his/his respective municipality/authority, which is forbidden by the Constitution of the United States.

**SECOND CLAIM FOR RELIEF**
**FALSE ARREST UNDER 42 U.S.C § 1983**

38. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "37" with the same force and effect as if fully set forth herein.

39. As a result of defendants' aforementioned conduct, plaintiff AUGUSTO PETERSON

(A/K/A AUGUSTO PETERSEN) and was subjected to an illegal, improper and false arrest by the defendant and taken into custody and caused to be falsely imprisoned, detained, confined, and incarcerated by the defendant without any probable cause, privilege or consent.

40. That the detention of the plaintiff by defendant was objectively unreasonable and in violation of AUGUSTO PETERSON (A/K/A AUGUSTO PETERSEN)'s constitutional rights.

41. As a result of the foregoing, plaintiff's liberty was restricted for an extended period of time, and plaintiff was put in fear for his safety, was humiliated and subjected to handcuffing, and other physical restraints, all without probable cause, and plaintiff sustained, inter alia, pain, suffering, physical injury, loss of enjoyment of life, loss of liberty, emotional distress, mental anguish, embarrassment and humiliation, shame, indignity, damage to reputation, economic damages, and suffered a deprivation of his constitutional rights.

## THIRD CLAIM FOR RELIEF
## MALICIOUS PROSECUTION UNDER 42 U.S.C. § 1983

42. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "41" with the same force and effect as if fully set forth herein.

43. Defendant was directly and actively involved in the initiation of criminal proceedings against Plaintiff.

44. Defendant lacked probable cause to initiate criminal proceedings against Plaintiff.

45. Defendant acted with malice in initiating criminal proceedings against Plaintiff.

46. Defendant was directly and actively involved in the continuation of criminal proceedings against Plaintiff.

47. Defendant lacked probable cause to continue criminal proceedings against Plaintiff.

48. Defendant acted with malice in continuing criminal proceedings against Plaintiff.

49. Notwithstanding the conduct of the Defendant, the criminal proceedings were terminated in Plaintiff's, favor when all criminal charges against him were dismissed.

50. As a result of the foregoing, plaintiff's liberty was restricted for an extended period of time, and plaintiff was put in fear for his safety, was humiliated and subjected to handcuffing, and other physical restraints, all without probable cause, and plaintiff sustained, inter alia, loss of enjoyment of life, loss of liberty, emotional distress, mental anguish, Embarrassment and humiliation, shame, indignity, damage to reputation, incurred monetary costs, and deprivation of his constitutional rights.

## DAMAGES AND RELIEF REQUESTED

51. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "50" with the same force and effect as if fully set forth hisein.

52. All of the foregoing acts by defendants deprived AUGUSTO PETERSON (A/K/A AUGUSTO PETERSEN) of federally protected rights, including, but not limited to, the right:

   A. Not to be deprived of liberty without due process of law;

   B. To be free from seizure and arrest not based upon probable cause;

   C. To be free from unwarranted and malicious criminal prosecution;

   D. To receive equal protection under the law.

**WHISEFORE**, plaintiff demands judgment against the Defendant pursuant to the federal causes of action above, in the sum of ONE MILLION DOLLARS ($1,000,000.00) in compensatory damages, and ONE MILLION DOLLARS ($1,000,000.00) in punitive damages, plus attorney's fees, costs and disbursements of this action, and with interest at the legal rate from the date the cause of action accrued.

Dated:  New York, NY
       September 8, 2013                                        */s/ Bryan Konoski (BK2325)*
                                        By: _____
                                                    BRYAN KONOSKI (BK2325)
                                                    Treyvus & Konoski, P.C.
                                                    *Attorney(s) for the Plaintiff*
                                                   305 Broadway, 14th Floor
                                                   New York, NY 10007
                                                  (212) 897-5832